UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL MINCIELI,

    Plaintiff,

v.                                                                 Case No.:  2:24-cv-1096-SPC-KCD

JOHN CARLIN, JOSEPH
GUERRA, ANNA GUERRA and
BEVERLY BRENNAN,

    Defendants.
_____/

## **OPINION AND ORDER**

Before the Court is Plaintiff Michael Mincieli's Complaint.  (Doc. 1). Because his Complaint is insufficient, the Court dismisses it with leave to amend.

Plaintiff brings this action pro se under 42 U.S.C. § 1983.  Pro se complaints are construed liberally and held to less stringent standards than formal pleadings that lawyers draft.  *See Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014).  But this leniency has its limits.  Courts neither "serve as de facto counsel for a [pro se] party," nor "rewrite an otherwise deficient pleading in order to sustain an action." *Id.* at 1168-69 (citation omitted); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)

(pro se litigants are "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure").

It seems this case is the product of a contentious family law matter in state court. But the Court can only guess as much because Plaintiff alleges no facts in the Complaint. Instead, he provides conclusory assertions that "Defendants violated procedural and substantive due process rights" that "stem from the issuance of an emergency custody order" resulting in "the unconstitutional deprivation of rights." And he "challenges the legitimacy of the Defendants' actions," but who Defendants are and what actions are being challenged is a mystery. (Doc. 1). Nor is there a single cause of action asserted. In short, the Court has no clue what this case is about.

At the most basic level, the Complaint must include a short and plain statement of the claim showing Plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). This entails pleading enough facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A claim is plausible when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Bare labels and conclusions are insufficient. *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007). Because Plaintiff's Complaint falls well short of this pleading standard, it must be dismissed.

Accordingly, it is now

**ORDERED:**

1. The Complaint (Doc. 1) is **DISMISSED without prejudice.**

2. On or before December 20, 2024, Plaintiff must file an amended complaint that satisfies the pleading requirements.

**DONE** and **ORDERED** in Fort Myers, Florida on December 4, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record