UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL MINCIELI,

     Plaintiff,

v.                         Case No.:  2:24-cv-1096-SPC-KCD

JOHN CARLIN, JOSEPH
GUERRA, ANNA GUERRA and
BEVERLY BRENNAN,

        Defendants.
_____/

## OPINION AND ORDER

The Court dismissed Plaintiff Michael Mincieli's amended complaint without prejudice for failure to timely effect service.  (Doc. 13).  Plaintiff now seeks reconsideration of such dismissal.  (Doc. 22).

Reconsideration of a prior order is an extraordinary measure that should be applied sparingly.  *Adams v. Beoneman*, 335 F.R.D. 452, 454 (M.D. Fla. 2020).  Court orders are not intended as first drafts subject to revisions at a litigant's pleasure, so a movant must establish extraordinary circumstances supporting reconsideration.  *Gold Cross EMS, Inc. v. Children's Hosp. of Ala.*, 108 F. Supp. 3d 1376, 1384 (S.D. Ga. 2015).  "A motion for reconsideration should raise new issues, not merely readdress issues previously litigated."

*PaineWebber Income Props. v. Mobil Oil Corp.*, 902 F. Supp. 1514, 1521 (M.D. Fla. 1995).

Federal Rule of Civil Procedure 4(m) provides that if a plaintiff fails to timely effect service, "the court—on motion or on its own after notice to the plaintiff—*must* dismiss the action without prejudice . . . or order that service be made within a specified time." (emphasis added). In the Civil Action Order, the Court notified Plaintiff that "[a] failure to promptly show cause why proof of service cannot be timely filed may result in a party being dropped from this action without further notice." (Doc. 3 at 1–2). Thus, Plaintiff was on notice that his case was subject to dismissal for untimely service.

In his motion, Plaintiff presents no extraordinary circumstances to warrant reconsideration. Although he alludes to his efforts to effect service, such information should have been proffered to the Court before dismissal as ground for an extension of time to serve or, as outlined in the Civil Action Order, to show cause why dismissal was unwarranted. He cannot now use this information to relitigate an issue the Court already decided. Accordingly, Plaintiff's motion for reconsideration is denied. If Plaintiff wants to proceed with his claims, he may file another complaint under a separate case number.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion for Reconsideration (Doc. 22) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on May 6, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record